IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV36-MU-02

```
CARL LORINZO CAPERS,        )
     Plaintiff,             )
                            )
       v.                   )
                            )
LIEUTENANT PRESTON; and     )
SERGEANT PRESLY,            )
     Defendants             )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's letter-motion (document # 4) seeking an extension of time, filed February 19, 2010.

On January 27, 2010, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (document # 1). However, upon the Court's initial review of that matter, it was observed that Plaintiff had failed to provide information to establish full exhaustion of his administrative remedies with regard to his claims. Thus, by Order filed January 29, 2010 (document # 2), the Court entered an Order directing Plaintiff to file a document explaining when he completed the third and final step of the inmate grievance process, and noting the result of such process. See Anderson v. XYZ Correcitonal Health Services, 407 F.3d 3 674 (4th Cir. 2005) (court may dismiss prisoner § 1983 case on initial review only where it is apparent from face of complaint that

prisoner has not exhausted administrative remedies).

To that end, on February 19, 2010, Plaintiff filed the instant letter-motion (document # 4) explaining that it was not until February 9, 2010, that he finally initiated the final step in the grievance process by submitting his appeal to the N.C. Secretary of the Department of Correction in Raleigh, North Carolina. Indeed, Plaintiff's letter-motion further asks the Court for an extension of time to allow him to secure the third and final response for such grievance.

Based upon the foregoing, it is clear that the allegations set forth in Plaintiff's Complaint have not yet been exhausted, and that this Court cannot exercise jurisdiction over these matters. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Accordingly, the instant Complaint must be dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's letter-motion seeking an extension of time to fully exhaust his allegations (document # 4) is **DENIED;** and

2. Plaintiff's Complaint (document # 1) is **DISMISSED without prejudice.**

**SO ORDERED.**

Signed: February 22, 2010

Graham C. Mullen
United States District Judge